Scott, J.
Counsel have discussed at length the question as to the relation which Beddick sustained to Puterbaugh, in the possession and use of the team, at the time when the injury complained of took place. It is claimed for the plaintiff, that Beddick was a lessee of Puterbaugh’s field, and a bailee for hire of his team; while, od behalf of defendant, it is claimed that the evidence shows Beddick to have been working for Puterbaugh under a contract of hiring, by which he became the servant and agent of the plaintiff in the custody and care of the team. It is, perhaps, not essential in this case to determine the precise character of the relation created by the contract between Puterbaugh and Beddick. Whatever that relation may have been, it is not, and can not be, questioned but that under and in pursuance of their contract, Beddick was intrusted by Puterbaugh with the possession, custody, and care of his team, and was responsible to him for ordinary care of the horses, while under his charge. But *the defendant, Beasor, was no party to this contract, and it imposed no obligations upon him. As against him, and all other strangers, the possession of the team by Beddick was the possession of Puterbaugh. And the duties and liabilities of strangers, in respect to the horses, would be the same, whether their owner or his agent or bailee might have the actual custody of them at the time. Third parties would have a right to expect and require the same care from the one as the other.
*393 It can not be claimed in this case, looking to the evidence, that the defendants willfully, or by an act of direct trespass, caused the dealh o£ the plaintiff’s mare. The plaintiff can only complain that they negligently and improperly made such a noise, in their fighting upon the highway, as to frighten ,his horses and cause them to run, whereby the injury to him was occasioned. For such a wrong, no doubt, the defendant, Reasor, would be liable, unless the negligence of the plaintiff, or of the person whom he had placed in charge of the team, contributed, proximately, to the injury. But if Reddick was guilty of such negligence in the care of the team as would preclude him, if he had been its owner, from maintaining an action against Reasor, this negligence must be equally fatal in an action brought by this plaintiff, who confided the team to Red-dick’s care. It is true that the plaintiff was not responsible for the unlawful act of Reddick in accepting the challenge and fighting with Reasor. But for leaving the team loose and uncared for while this noisy affray was occurring in close proximity, he was responsible, so far as others were concerned, if he intrusted the custody of the horses to Reddick; and his remedy, in such case, must be against Reddick alone. The charge of the court below can not be understood as going further than this, and gives to the plaintiff, as we think, no just ground of complaint.
We think the jury were justified, by the evidence, in finding that with ordinary care on the part of the person in charge of the team at the time, the injury complained *of would not have oc■curred; and that, as between the present parties, the plaintiff was chargeable with this want of care, and was therefore not entitled to recover against the defendant, Reasor. The same want of proper care which would give the plaintiff a cause of action against Red-•dick, must prevent a recovery against Reasor.
It is said the court erred 11 in not charging what was necessary to constitute said Reddick the agent of the plaintiff, in so far as the custody of said mare and the cause of her being killed is concerned.” But no instructions appear to have been asked or refused •on this point; nor, under the evidence, could any correct instructions on this subject have warranted a different verdict.
As to alleged error of the court in overruling the motion for the entry of judgment against Reddick, it is sufficient to say that this proceeding in error is prosecuted against Reasor alone. The petition filed is against him only. No summons in error appears to *394 have been issued against Beddick, and he is not in this court. It will be time enough to determine whether judgment should have been rendered against him in the common pleas, when the.plaintiff in error shall have brought him into court.

Judgment of the district court affirmed. .

Brinkerhoee, C. J., and Sutliee, Peck, and Gholson, JJ., concurred.